Sheri M. Thome, Esq.
Nevada Bar No. 008657
Chris Richardson, Esq.
Nevada Bar No. 009166
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
300 South Fourth Street, 11th Floor
Las Vegas, Nevada 89101
(702) 727-1400; FAX (702) 727-1401
sheri.thome@wilsonelser.com
chris.richardson@wilsonelser.com
*Attorneys for Defendants Easter Seals Nevada, Christine Zack and Brian Patchett*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARISA CLARK, an individual, | CASE NO.: 2:19-cv-00941-APG-NJK |
| Plaintiff, | |
| v. | **STIPULATED PROTECTIVE ORDER** |
| EASTER SEALS NEVADA, a domestic corporation; CHRISTINE ZACK, an individual; BRIAN PATCHETT, an individual; | |
| Defendants. | |

In order to protect the confidentiality of certain information obtained by the parties in connection with this case, Plaintiff Marisa Clark and Defendants Easter Seals Nevada ("Easter Seals"), Christine Zack ("Zack") and Brian Patchett ("Patchett"), hereby agree as follows, subject to the approval of the Court:

**1.  DEFINITIONS**

The terms defined in this paragraph shall have the meanings provided. Defined terms may be used in the singular or plural.

**1.1  "Litigation"** specifically refers to the above-captioned case.

**1.2  "Producing Party"** means the party, or the person or entity other than a party, that produces documents or information considered by that party, person, or entity to be Confidential Information, and includes a party asserting a confidentiality interest in information produced by others.

1523196v.1

**1.3** **"Receiving Party"** means that party/person/entity receiving or requesting production of Confidential Information.

**1.4** **"Confidential Information"** means information, whether or not embodied in any physical medium, including all originals and copies of any document and/or information, used by the Producing Party in or pertaining to its business, information pertaining to third-party privacy interests, or information protected by the attorney-client privilege, the attorney work-product doctrine, the litigation privilege, the mediation privilege, or otherwise deemed confidential settlement discussions, which information the Producing Party reasonably and in good faith believes contains or concerns confidential, non-public, privileged, proprietary, and/or sensitive information, including, but not limited to, financial data, intellectual property, information involving privacy interests, information protected by privilege, and commercially and/or competitively sensitive information of a nonpublic nature, or received on a confidential basis.

**1.5** **"Litigation Documents"** means all pleadings, motions, affidavits, and related papers, all documents produced or exchanged in the course of this Litigation or any settlement negotiations, all written discovery responses, and all transcripts and testimony given in depositions, in hearings, or at trial.

**1.6** **"Termination"** means the dismissal of this Litigation, or entry of final judgment, or expiration of all periods to appeal or seek judicial review of this action.

## 2. DESIGNATION OF CONFIDENTIAL INFORMATION

**2.1** **Documents**. A Producing Party may, in good faith, designate Confidential Information contained in a document or thing specifically by either marking the document or thing as "CONFIDENTIAL" or by designation, in writing, identifying the Bates stamp number which has been assigned to the document or thing.

**2.2** **Depositions.** A Producing Party may, in good faith, designate information or documents disclosed during deposition as Confidential Information by indicating on the record at the deposition that the deposition testimony, or any specified part of the testimony given or to be given, and/or all or any part of the document or thing marked for identification at such deposition is Confidential Information subject to the provisions of this Stipulated Protective Order. Within

1523196v.1

thirty (30) days after receipt of a deposition transcript, any Producing Party may specifically designate information not previously designated as confidential as Confidential Information, by notifying all parties in writing of any specific pages and lines of the transcript which contain the Confidential Information. Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody or control.

**2.2** **Interrogatories**. A Producing Party may, in good faith, designate Confidential Information contained in a response to an interrogatory by designating the responses Confidential, or by otherwise advising the Receiving Party in writing of such confidential status, and the Confidential Information may be served in a separate document if desired.

**3. USE OF CONFIDENTIAL INFORMATION**

**3.1** All documents and information designated in good faith by a party to the Litigation as Confidential Information shall be used solely for the purposes of this Litigation and shall not be used for any other purpose, including, without limitation, any business or commercial purpose, product development, intellectual property development, or in any other legal proceeding, action or matter and shall not, directly or indirectly, in whole or in part, be revealed or disclosed, or made available for inspection or copying to persons other than Qualified Persons as defined in paragraph 3.2.

**3.2** "Qualified Person" for Confidential Information means:

(a) Counsel of record in this Litigation and such partners, associate attorneys, paralegal assistants, and stenographic or clerical employees of such counsel as have been assigned to assist counsel in the prosecution, defense, or settlement of this Litigation.

(b) Persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify, provided that if the person is not a party or employee of a party already subject to this Protective Order the person must first sign a copy of Attachment "A" hereto.

(c) Any party, including current employees who are involved in assisting with the prosecution or defense in this Litigation or who appear as witnesses.

(d) The judge or any other Court having jurisdiction over discovery procedures in

1523196v.1

this Litigation.

    (e)    Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper.

    (f)    Any court reporter or typist recording or transcribing testimony in this Litigation and any outside independent reproduction firm.

    (g)    Any person who was the author, recipient, or copy recipient of a document for the purpose of interrogation of such person at trial, by deposition, or during the course of preparation for trial or deposition.

    (h)    In-house counsel for a party.

    (i)    In the event that any of the foregoing persons ceases to be engaged in the preparation of this Litigation, access by such person(s) to discovery material designated as Confidential Information shall be terminated. Any such material in the possession of any such person(s) shall immediately be returned or destroyed within 72 hours. The provisions of this Order shall remain in full force and effect as to all such person(s) as to all such material and the obligations not to disclose any portions of such material, except as may be specifically ordered by the Court.

**3.3** No person receiving discovery material or a transcript designated as confidential pursuant to this stipulation and order shall disclose it or its contents to any person other than those described in Paragraphs 3.2. No such disclosure shall be made for any purposes other than those specified in Paragraphs 3.1 and/or 3.2, and in no event shall such person make any other use of such discovery material or transcript. Counsel shall be responsible for obtaining prior written agreement to be bound to the terms of this Order from all persons to whom any discovery material or transcript so designated is disclosed. Such written agreement shall be obtained by securing the signature of any recipient of such discovery material or transcript on Attachment "A" hereto after having such recipient read the Order and having explained its contents to such recipient. Counsel shall be responsible for maintaining a list of all persons to whom any discovery material or transcript so designated is disclosed and, for good cause shown, such list shall be available for inspection by counsel for other parties upon order of the Court.

1523196v.1

**3.4**   Before disclosing any Confidential Information to any person listed in subparagraphs 3.2 (b) and (d) who is a competitor, or employee of, or consultant to, a competitor of the Producing Party, the parties shall give at least ten days advance notice in writing to counsel for the Producing Party, stating the names and addresses of the person(s) to whom the disclosure will be made, and stating the purpose of such disclosure.  If, within the ten-day period, a motion is filed objecting to the proposed disclosure, disclosure is not permissible until and unless the Court denies such motion. If the Producing Party has reason to believe that a competitor has improperly acquired or learned of Confidential Information, upon written demand from the Producing Party, the Receiving Party shall reveal to the Producing Party whether Confidential Information was disclosed to any officer, director, employee, or consultant of such competitor. Such request may only be made by the Producing Party upon a good faith belief that information has been improperly received by a competitor and the Producing Party shall disclose the reasons for such belief.

**4.     REDACTION OF DOCUMENTS**

   **4.1**   The Producing Party may redact from any materials containing Confidential Information the following information:

   (a)   Information related to reserves;
   (b)   Information related to premiums;
   (c)   Private information related to the insureds or third parties, including social security numbers; and
   (d)   Attorney client privileged information, with reference to a privilege log.

   **4.2**   Any discovery materials so redacted shall have "REDACTED" stamped on each page from which material or information has been redacted.

   **4.3**   If there is a dispute whether any redacted material qualifies for redaction under this paragraph, counsel may move for a ruling, which may require this Court's *in camera* inspection of a document on the issue of whether certain information is entitled to redaction.  If other Confidential Information is deemed by the Producing Party to be trade secret or otherwise in need of redaction such that the scope of this protective order is insufficient to adequately protect the information contained therein, the Producing Party shall seek to meet and confer on the specific information with

1523196v.1

the Receiving Party and, failing good faith meet and confer on informal resolution, shall seek the Court's determination by way of formal motion.

5. **<u>MISTAKE OR INADVERTENCE</u>**

Documents or other discovery materials produced and not designated as Confidential Information through mistake or inadvertence shall likewise be deemed confidential upon notice by the Producing Party of such mistake or inadvertence. Where a Producing Party has inadvertently produced a document which the Producing Party later claims should not have been produced because of privilege, the Producing Party may require the return of any such document within 10 days of discovering that it was inadvertently produced (or inadvertently produced without redacting the privileged content). A request for the return of any document shall identify the document by Bates number and the basis for asserting that the specific document (or portions thereof) is subject to the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity from discovery, the basis for asserting that the production was inadvertent, and the date of discovery that there had been an inadvertent production.

The inadvertent production of any document which a Producing Party later claims should not have been produced because of a privilege will not be deemed to be a waiver of any privilege to which the Producing Party would have been entitled had the privileged document not inadvertently been produced. If a Producing Party requests the return, pursuant to this paragraph, of any such document from another party, the party to whom the request is made shall within 10 days return to the requesting party all copies of the document within its possession, custody, or control, including all copies in the possession of experts, consultants, or others to whom the document was provided. In the event that only portions of the document contain privileged subject matter, the Producing Party shall substitute a redacted version of the document at the time of making the request for the return of the requested document. In the event the Receiving Party contests the claim of privilege or inadvertent production, the Receiving Party shall file a motion within ten days after return of the document to obtain a court determination that the document is not privileged.

6. **<u>CHALLENGE OF DESIGNATION</u>**

The Receiving Party shall not be obligated to challenge the propriety of the Confidential

1523196v.1

Information designation at the time made or upon a submission to the Court. In the event a party disagrees at any stage of these proceedings with the Producing Party's designation of Confidential Information, the parties shall first try to dispose of such dispute in good faith on an informal basis. If a dispute cannot be informally resolved, the Receiving Party may seek appropriate relief from this Court, and the Producing Party shall have the burden of proving that the information is entitled to confidentiality protection unless otherwise provided by the applicable law. The Confidential Information shall remain Confidential and under the status given to it by the designating party unless and until the court rules to the contrary.

7. **COURT FILINGS AND HEARINGS**

See order issued concurrently herewith.

8. **SUBPOENA BY COURTS OR AGENCIES**

If another court or an administrative agency subpoenas or orders production of Confidential Information that the parties have obtained under the terms of this Order, the parties shall promptly notify the Producing Party of the pendency of such subpoena or order.

1523196v.1

## 9. CLIENT CONSULTATIONS

Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of Confidential Information, provided however that, in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any item so designated except as permitted under Paragraph 3.

## 10. NON-TERMINATION

The provisions of this Order shall not terminate at the conclusion of this Litigation. This Order shall remain in full force and effect and each person subject to this Order shall continue to be subject to the jurisdiction of this Court for the purposes of enforcement of the confidentiality terms of this Order. Within 120 days after final conclusion of all aspects of this Litigation, Confidential Information and all copies of same (other than exhibits of record) shall be returned to the Producing Party, at its cost or at the option of the Receiving Party destroyed.

## 11. RESPONSIBILITY OF ATTORNEYS

The attorneys of record are responsible for employing reasonable measures, consistent with this Order, to control duplication of, access to, and distribution of copies of Confidential Information. Where a deponent is required under Paragraph 3 to sign a copy of Attachment "A" hereto before accessing Confidential Information, it is the responsibility of the attorney who wishes to use Confidential Information during the deposition to provide a copy of this Protective Order and Attachment "A" for the deponent to review and sign before Confidential Information may be disclosed to the deponent. Parties shall not duplicate any Confidential Information except working copies and for filing in court under seal. All copies made of Confidential Information shall bear the appropriate confidential designation.

## 12. NO WAIVER

**12.1** Review of the Confidential Information by counsel, experts, or consultants for the litigants in the Litigation shall not waive the confidentiality of the documents or objections to production.

**12.2** The inadvertent, unintentional, or *in camera* disclosure of Confidential Information

1523196v.1

shall not, under any circumstances, be deemed a waiver in whole or in part, of any party's claims of confidentiality.

**12.3** Nothing contained in this Protective Order shall constitute a waiver of, or otherwise prejudice the Producing Party's right to protect from disclosure any information based on any applicable privilege, right of privacy, trade secret protection, or other statutory or common law immunity.

**12.4** Nothing contained in this Protective Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged confidentiality, relevancy, admissibility, or discoverability of the Confidential Information sought.

IT IS SO STIPULATED.

DATED this 3rd day of October, 2019.

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

BY: */s/ Sheri Thome*
Sheri Thome, Esq.
Nevada Bar No. 08657
300 South Fourth Street, 11th Floor
Las Vegas, Nevada 89101
*Attorneys for Defendants Easter Seals Nevada, Christine Zack and Brian Patchett*

**MULLINS & TRENCHAK, ATTORNEYS AT LAW**

BY: */s/ Philip J. Trenchak*
Philip J. Trenchak, Esq.
Nevada Bar No. 09924
Victoria C. Mullins, Esq.
Nevada Bar No. 13546
1614 S. Maryland Parkway
Las Vegas, Nevada 89104
*Attorneys for Plaintiff Marisa Clark*

GOOD CAUSE SHOWING, IT IS SO ORDERED.

Dated this \_\_4\_\_ day of October, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

Page 9 of 10

1523196v.1

**ATTACHMENT A**

**DECLARATION OF COMPLIANCE**

I, _____, declare as follows:

1. I have received a copy of the Stipulated Protective Order entered in this action on _____, 20___.

2. I have carefully read and understand the provisions of this Stipulated Protective Order.

3. I will comply with all provisions of this Stipulated Protective Order.

4. I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective Order.

5. I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

6. Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective Order, and all documents or things which I have prepared relating to the information, documents or other materials that are subject to the Stipulated Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

7. I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective Order in this action. I declare under penalty of perjury under the laws of the United States that the following is true and correct.

Executed this ____ day of _____, 201__ at _____.

_____
QUALIFIED PERSON

1523196v.1